IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

| | |
|---|---|
| JOSEPH BOSWELL, | ) |
| | ) |
| PLAINTIFF, | ) No. 2:14-cv-00018 |
| | ) Judge Sharp/Bryant |
| v. | ) |
| | ) |
| W.B. MELTON and SHANNON HARVEY, | ) |
| | ) |
| DEFENDANTS. | ) |

**To: The Honorable Chief Judge Kevin H. Sharp, United States District Judge**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge **RECOMMENDS** that Defendants' Motion for Summary Judgment (Docket Entry 20) be **GRANTED** and that this action be **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983. The Magistrate Judge also **RECOMMENDS** that this dismissal count as a **STRIKE** under 28 U.S.C. § 1915(g);[1] that this be considered the final judgment in this case; and that any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

### I. Statement of the Case

Plaintiff, proceeding *pro se* and *in forma pauperis*, is an inmate at the Overton County Justice Center (OCJC) in Livingston, Tennessee. (Docket Entry 1). On February 20, 2014, Plaintiff filed his Complaint alleging violations of his civil rights under 42 U.S.C. § 1983. (Docket Entry 1). On March 03, 2014, the District Judge referred this case to the Magistrate Judge. (Docket Entry 3). On November 20, 2014, Defendants filed the instant Motion along with

---

[1] 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.").

a Memorandum of Law in Support, a statement of undisputed facts, and various supportive exhibits. (Docket Entry 20-24). Plaintiff has not filed a response and the time to do so has passed. (Docket Entry 11). Therefore, the matter is now properly before the Court.

## II. Standard of Review

### A. Summary Judgment

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure (FED. R. CIV. P.), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A fact is material if it "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. The Court must "decide 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Burgess v. Fischer*, 735 F.3d 462, 471 (6th Cir. 2013) (quoting *Anderson,* 477 U.S. at 251–52).

"The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case." *Adams v. Rockafellow,* 66 F. App'x 584, 585 (6th Cir. 2003) (unpublished opinion) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment." *Adams,* 66 F. App'x at 585 (citing *Anderson,* 477 U.S. at 248-49; *LaPointe v. United Autoworkers Local 600,* 8 F.3d 376, 378 (6th Cir. 1993)). "[T]he inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable

to the party opposing the motion." *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)).

If the nonmoving party fails to meet its burden, the Court may rely on the facts advanced by the moving party. *Guarino v. Brookfield Twp. Trustees*, 980 F.2d 399, 405 (6th Cir. 1992). However, the Court may not grant a motion for summary judgment simply because a nonmoving party fails to respond. *Miller v. Shore Fin. Servs., Inc.,* 141 F. App'x 417, 419 (6th Cir. 2005) (unpublished opinion). Instead, "the district court must, at a minimum, examine the moving party's motion for summary judgment to ensure that it has discharged its initial burden." *Miller,* 141 F. App'x at 419 (citation omitted).

When a plaintiff is *pro se*, the Court will review the plaintiff's pleadings under "less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, "even *pro se* complaints must satisfy basic pleading requirements." *Dallas v. Holmes*, 137 F. App'x 746, 750 (6th Cir. 2005) (unpublished opinion) (citation omitted).

### B. Exhaustion of Administrative Remedies

Pursuant to the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is mandatory and defendants have the burden of establishing this affirmative defense. *Jones v. Bock,* 549 U.S. 199, 212 (2007). Exhaustion "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle,* 534 U.S. 516, 532 (2002) (citation omitted).

### C. Official Capacity and Personal Capacity Claims

In a personal capacity claim, "it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (citation omitted).When a plaintiff brings a § 1983 personal capacity claim against a defendant who had a supervisory role, "respondeat superior" will not "impute liability" onto such a defendant unless the plaintiff shows that the defendant encouraged or participated in the misconduct. *Sarr v. Martin*, 53 F. App'x 760, 762 (6th Cir. 2002) (unpublished opinion) (citation and internal quotation omitted).

In an official capacity claim, "the entity's 'policy or custom' must have played a part in the violation of federal law." *Kentucky*, 473 U.S. at 166 (citation omitted). Again, "respondeat superior" does not generally apply. *Connick v. Thompson,* 131 S. Ct. 1350, 1359 (2011) (citation omitted). Still, "[i]n limited circumstances, a local government's decision not to train certain employees . . . may rise to the level of an official government policy for purposes of § 1983." *Connick*, 131 S. Ct. at 1359. To that end, a plaintiff must show "deliberate indifference" on the part of the official. *Connick*, 131 S. Ct. at 1360.

### III. Summary of Allegations

Plaintiff identifies Defendant Melton as Sheriff Melton and Defendant Harvey as the Overton County Sherriff's Department Jail Administrator. (Docket Entry 1, p. 4).

Plaintiff alleges that the tables at the OCJC are covered with rust and that the walls are covered with "drawings, gang signs, [and] racial slurs." (Docket Entry 1, p. 6). He alleges that raw sewage runs down the walls and that the paint is peeling. (Docket Entry 1, p. 6). He alleges that there is black mold on the walls and the ceiling, that there are no hand rails in the showers, that the showers are not cleaned properly, that the handicapped shower does not work, that the

"pie flaps" on the doors are welded shut, and there is no sunlight in the maximum security pod. (Docket Entry 1, pp. 6-7).

Plaintiff alleges that the OCJC staff members "are not trained to handle any type of medical emergency or treatment." (Docket Entry 1, p. 7). He alleges that another inmate had a seizure and that no one called an ambulance. (Docket Entry 1, p. 7). Plaintiff alleges that lights are "full of dead insects" and that vents are full of lint. (Docket Entry 1, p. 8). He reiterates that the ceiling has mold and notes that ceiling tiles are "mis-colored." (Docket Entry 1, p. 8). He alleges that the medicine cart is not properly stocked and that it only contains prescription medicine and asthma inhalers. (Docket Entry 1, p. 8). He alleges that "in the event of a headache, toothache, . . . or any type of pain or injury, the staff . . . are told to tell us to either order the type of pain med[icine] on the jail commissary or wait 24 hours to see the nurse." (Docket Entry 1, p. 8). He alleges that some inmates are cannot afford the first option and that the nurse is "inadequate." (Docket Entry 1, p. 8). Plaintiff also alleges that his food portions are decreased each time he writes a grievance and that he has lost 30 pounds. (Docket Entry 1, pp. 5, 9). Finally, Plaintiff alleges that his cell "was ambushed by staff" and that his religious materials were destroyed. (Docket Entry 1, p. 9).

### IV.     Analysis

As a threshold matter, Plaintiff has not requested class certification and lacks standing to raise claims which pertain to the rights or injuries of other inmates. *See Newsom v. Norris,* 888 F.2d 371, 381 (6th Cir. 1989). As explained below, although Defendants raise the affirmative defense of failure to exhaust, the Magistrate Judge is unable to find that Defendants meet their burden to establish this defense. Therefore, the Magistrate Judge has considered the merits of Plaintiff's claims and now finds that dismissal is proper based on the merits.

## A. Failure to Exhaust Administrative Remedies

Defendants raised the affirmative defense of failure to exhaust in their Answer and in the instant Motion. (Docket Entry 10; Docket Entry 20-21). According to the Declaration of Defendant Harvey, Plaintiff filed four grievances prior to filing his Complaint. (Docket Entry 24, p. 2). Defendant Harvey declares that Plaintiff filed one grievance on February 10, 2014 and that it "somewhat addressed an issue raised in the [C]omplaint" because it concerned the denial of recreation time. (Docket Entry 24, p. 2). Defendant Harvey declares that "[n]o appeal was filed from any of . . . [P]laintiff's grievances" and that "[a] true and exact copy of the February 10, 2014 grievance is attached as Exhibit E." (Docket Entry 24, p. 2). However, Exhibit E is actually a copy of a grievance about nail clippers that Plaintiff filed on February 20, 2014, the same date that Plaintiff filed his Complaint. (Docket Entry 24-5).

Meanwhile, in Defendants' statement of undisputed facts, Defendants state that "on February 10, 2014, . . . [Plaintiff] filed a [g]rievance complaining vaguely that the food at the jail was "redicilous [sic] treatment from a county jail." (Docket Entry 22, p. 2). Defendants again direct the Court to Exhibit E in the Declaration of Defendant Harvey. (Docket Entry 22, p. 2).

As such, it is unclear whether the February 10, 2014 grievance that Defendants describe concerned recreation time, food, or something else because the February 10, 2014 grievance is not before the Court. Moreover, Exhibit E is a grievance from a different date that concerns a different topic. Therefore, there is a genuinely disputed material fact as to Plaintiff's exhaustion of his administrative remedies. The Magistrate Judge is unable to find that Defendants meet their burden and is unable to grant summary judgment based on failure to exhaust.

## B. Constitutional Merits

In order to state a claim under 42 U.S.C. § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)(citation omitted).

Here, Plaintiff does not invoke any particular Constitutional provision. However, the Magistrate Judge can infer that for the majority of his claims, Plaintiff means to invoke the Eighth Amendment under which "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.' " *Farmer v. Brennan*, 511 U.S. 825, 832-33 (1994) (citation omitted). Cruel and unusual "conditions of confinement" are prohibited and "must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Yet, "restrictive and even harsh" conditions are not necessarily unconstitutional. *Rhodes*, 452 U.S. at 347. The law is also clear that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (citation omitted).

The test for whether a prison official has violated the Eighth Amendment involves an "objective" and a "subjective" part. *Farmer*, 511 U.S. at 834. "Satisfying the objective component ensures that the alleged deprivation is sufficiently severe, while satisfying the subjective component ensures that the defendant prison official acted with a sufficiently culpable state of mind." *Quigley v. Tuong Vinh Thai,* 707 F.3d 675, 681 (6th Cir. 2013) (citation and

internal quotation omitted). "In prison-conditions cases, that state of mind is one of 'deliberate indifference' to inmate health or safety . . . ." *Farmer*, 511 U.S. at 834 (citation omitted).

Here, many of Plaintiff's claims simply fail to rise to the level of a Constitutional violation. This includes Plaintiff's claims that tables have rust; that walls have drawings; that the paint is peeling, that light fixtures are full of insects, that vents are full of lint, and that the ceiling tiles are "mis-colored." (Docket Entry 1, pp. 6-8). Plaintiff's claims do not involve any infliction of pain. The claims "reflect an aspiration toward an ideal environment for long-term confinement. But the Constitution does not mandate comfortable prisons." *Rhodes*, 452 U.S. at 349. Therefore, the Magistrate Judge finds that these claims are not actionable under § 1983.

Next, the undisputed evidence shows that many of Plaintiff's claims are moot. This includes Plaintiff's claims about drawings on the wall, raw sewage, black mold, and the handicap shower. It also includes Plaintiff's claims that his food portions are decreased each time he writes a grievance and that he is not given a proper diet. In Plaintiff's deposition, he concedes that the drawings and mold "had been fixed" and that the purported raw sewage "was cleaned off." (Docket Entry 23-1, pp. 6, 11). He concedes that the handicap shower is fixed and that he is not handicapped. (Docket Entry 23-1, pp. 9-10). Finally, Defendants point out that upon learning about Plaintiff's weight loss claim, Defendant Harvey "ordered that . . . [Plaintiff] be weighed to ensure his health." (Docket Entry 24, p. 3). However, Plaintiff refused to be weighed. (Docket Entry 23-1, p. 2). Even considering this in favor of Plaintiff, Plaintiff still concedes that his food portions at the OCJC are now adequate. (Docket Entry 23-1, p. 2). Therefore, the Magistrate Judge finds that these claims are moot.

Next, the undisputed evidence shows that Plaintiff's claim about the cleanliness of the shower fails. First, even inferring that Plaintiff claims that he is deprived of a clean shower, the

Magistrate Judge is unable to find that this is a severe deprivation. Moreover, the undisputed evidence shows that Defendants were not indifferent to Plaintiff's health or safety. Instead, Plaintiff concedes that an inmate cleaned the showers three times per week and that a correctional officer also sprayed the shower with bleach three times per week. (Docket Entry 23-1, pp. 6-7). Therefore, the Magistrate Judge finds that this claim fails as a matter of law.

### C.     Dismissal Under 28 U.S.C. § 1915(e)(2)(B)(ii)

The Magistrate Judge underscores that the instant Motion is Defendants' Motion. Yet, Defendants fail to address all of Plaintiff's claims in their filings. Nonetheless, the Magistrate Judge has considered the remaining claims, finds that Plaintiff fails to state a claim under § 1983, and finds that dismissal is proper under 28 U.S.C. § 1915(e)(2)(B)(ii).[2]

Again, several more of Plaintiff's claims fail to rise to the level of a Constitutional violation. This includes Plaintiff's claims about missing hand rails in the showers, welded "pie flaps" on the doors, and the lack of sunlight. Again, "the Constitution does not mandate comfortable prisons." *Rhodes*, 452 U.S. at 349. Therefore, the Magistrate Judge finds that Plaintiff fails to state a claim under § 1983.

Next, Plaintiff's claim about the medicine cart and waiting to see a nurse fails because a 24 hour wait time to see a nurse hardly constitutes a severe deprivation or deliberate indifference.

To the extent that Plaintiff alleges a failure to train OCJC staff, this claim fails because it involves another inmate who apparently had a seizure at the OCJC, and not Plaintiff. (Docket Entry 1, p. 7). "Where a court determines that no violation of the plaintiff's constitutional rights occurred, obviously the governmental entity cannot be liable for its failure to train or for

---

2 28 U.S.C. § 1915(e)(2)(B)(ii)(emphasis added) ("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case ***at any time*** if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted . . . .").

developing a custom that led to a constitutional violation." *Floyd v. City of Detroit*, 518 F.3d 398, 411 (6th Cir. 2008).

Finally, Plaintiff's claim that his cell "was ambushed by staff" and that his religious materials were destroyed fails. (Docket Entry 1, p. 9). Plaintiff's claim fails to implicate any named Defendant or allege that a practice of destroying religious materials was a policy or custom at the OCJC.

## V. Recommendation

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that Defendants' Motion for Summary Judgment (Docket Entry 20) be **GRANTED** and that this action be **DISMISSED** with prejudice for failure to state a claim under 42 U.S.C. § 1983. The Magistrate Judge also **RECOMMENDS** that this dismissal count as a **STRIKE** under 28 U.S.C. § 1915(g); that this be considered the final judgment in this case; and that any appeal **NOT** be certified as taken in good faith under 28 U.S.C. § 1915(a)(3).

Under FED. R. CIV. P. 72(b), the parties have fourteen (14) days, after being served with a copy of this Report and Recommendation (R&R) to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 *reh'g denied*, 474 U.S 1111 (1986); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

**ENTERED** this 28th day of April, 2015

s/John S. Bryant\
John S. Bryant\
U.S. Magistrate Judge